ALBANY,
Feb. 1827.

The People
v.
Schuyler.

---

## THE PEOPLE *against* SCHUYLER.

THE defendant was imprisoned for, and convicted of grand larceny in stealing the goods of *L.* at the oyer and terminer for *Schoharie* county, *October* 23d, 1826. The cause came here on certiorari, accompanied with a case.

The evidence in the court below was, that the prisoner eloped with *L's* wife in the night, carrying away with him certain household furniture or goods of *L.* secretly and unknown to *L.* The prisoner and *L's* wife having agreed to elope with an intention that she should live with him

as his wife, she told him of her intention to take the furniture. He at first declined taking any thing beside her wearing apparel ; and said he would have nothing to do with the goods ; but at her request, she saying the goods were her own, he assisted in placing them in a waggon when they started ; and also assisted in carrying some of them out of the house. They afterwards lived together as man and wife in the state of *New-Jersey.* The goods were taken with the intention of converting them to the use of the prisoner and *L*'s wife ; were under their joint control while they lived together ; and afterwards, up to the time of the trial, under the control of the wife at her father's.

*H. Hamilton,* for the prisoner, said this taking was clearly no felony in the wife ; and therefore it could not be so in the prisoner. This is so laid down by *Hale ;* and he is pretty uniformly followed by every subsequent writer on criminal law. (1 *Hal. P. C.* 514. 1 *Hawk. B.* 1, *ch.* 33, *s.* 19. 2 *East's Cr. L.* 558, *s.* 8. 2 *Chit. C. L.* 935. *Harrison's case,* 1 *Leach's Cr. Cas.* 47. *Dunl. N. Y. Justice,* 285. *Com. Dig. Justices,* (*O.* 6.) *Show. Rep* 52, *Shower, arg.* 1 *Russ. on Crimes,* 26, 7. 2 *id.* 1130.) The wife is treated by these authorities, as having an interest in the goods ; and it will be seen by them that the statute *West.* 2, *c.* 34, was deemed necessary to make the taking of goods with the wife against her will, felony.

*Talcott,* (*attorney general,*) contra. *Hale* is the foundation of the doctrine contended for ; and the other writers profess to do no more than follow him. He relies on 13 *Ass.* 6, which relates to a prosecution on the statute of *Westm.* 2, *c.* 34, for stealing wife and goods. It could never be, that the mere fact of taking the wife with the goods, should mitigate the taking of the latter to a trespass. The crime is aggravated. The statute was evidently intended of those cases only, which were not felony at the common law. It referred to the taking of the wife and goods, and made both a single felony, which might be

ALBANY,
Feb. 1827.

The People
v.
Schuyler.

charged as such ; and then the statute was referred to in the indictment. Stealing the goods was felony at the common law. The statute created a new felony of which the ravishment was an ingredient. (2 *Inst.* 434.) This will also be seen by referring to the book cited by *Coke* and *Hale.* The place is a note to 13 *Ass.* 5, instead of being 6, as it is usually cited. *Br. Corone, pl.* 77, gives the same authority at length ; but neither he nor *Coke* draw any inference from it against the taking of the goods being in itself a felony. *Harrison's* case, (1 *Leach,* 47,) was where the wife had the exclusive possession of the goods by the consent of the husband.

But a note to *Hale* gives the doctrine of *Dalton* on this subject, which is in point for the prosecution ; and *Russell on Crimes,* 27, cited on the other side, follows *Dalton,* and pronounces his opinion a good one.

*Curia, per* SAVAGE, Ch. J. The prisoner took the goods secretly ; and no doubt with an intention to convert them to his own use ; but this was done by the consent and at the solicitation of the wife, who had agreed to elope and live with him in adultery. This is urged as reducing the offence to a trespass. So far as the question depends upon authority, we are left to the conflicting opinions of commentators, without any adjudged case in point. The statute of *Westm.* 13 *Ed.* 1, c. 34, is relied on, which enacts thus : " And of women carried away with the goods of their husbands, the king shall have the suit for the goods so taken away." This may mean an abduction with the consent, or against the will of the wife. If it be the latter, it strikes one as singular that such a circumstance should reduce an act, which would otherwise be a felony at the common law, to a mere trespass ; and that a statute should be necessary to restore it to its proper rank in the scale of crime. It is certainly more consistent with our present ideas on this subject, to suppose the statute an affirmance of the common law. *Hale* and other writers do not assert with any degree of confidence, that the consent of the wife, that the adulterer with whom

she elopes should take the husband's goods, will reduce the crime to a trespass. *Hale* puts the case by a *semble*, and is followed by some others. The idea may have grown out of a supposed interest which the wife has in her husband's goods ; for it is said in some books, he endows her at the marriage with all his worldly goods. (*Russ. on Crimes*, 26, 7.) But I believe it is now universally received as law, that she can exercise no control over his goods except as his agent ; and not in her own right. The husband may sell the goods or give them away, or bequeath them. Her interest is no more than that of a child. In both cases it is a mere expectancy ; and in most cases, the delivery to a stranger by either would protect him from a prosecution for felony. He has reason to presume the consent of the parent or husband ; and acts in good faith. On this principle, he would be a mere trespasser, though consent should happen to be wanting. We are happy to find that this is so upon authority. In *Dalton's Country Justice*, ch. 157, *p.* 504, *Nelson's ed.* it is said, " so if a man takes another man's wife, with her husband's goods against the husband's will, this also is a felony ;" and again, " if a married woman shall deliver to her adulterer her husband's goods, this is a felony in the adulterer." In a note to 1 *Hal. P. C.* 514, the reason mentioned is, that " in such case no consent of the husband can be presumed." *Russell* approves of this doctrine, and the reason on which it is founded. (*Russ. on Crimes*, 27.) Here the adulterer did more than merely receive stolen goods from the wife. He assisted in stealing them, carrying some of them out of the house. He had no reason to presume the husband's consent to such a taking ; and is plainly guilty of felony.

The court sentenced the prisoner to 3 years imprisonment in the state prison at the city of *New-York*, at hard labor.

Rule accordingly.