### COMMONWEALTH *vs.* DAVID BURKE.

*It seems,* that in a complaint charging the defendant with a single sale of intoxicating liquor " in violation of an act" described by its title, and concluding " against the form " or " forms of the statute in such case made and provided," the recital of the statute, if erroneous, may be rejected as surplusage.

In a complaint on "an act concerning the manufacture and sale of spirituous and intoxicating liquors," it is no material variance in reciting the statute, to substitute " spiritous " for "spirituous."

COMPLAINT on *St.* 1855, *c.* 215, § 15, for two sales of intoxicating liquors " in violation of the provisions of an act, approved on the twentieth day of April in the year of our Lord one thousand eight hundred and fifty five, entitled ' an act concerning the manufacture and sale of spiritous and intoxicating liquors.' " The first count concluded " against the form," and the second " against the forms of the statute in such case made and provided."

The defendant, having been convicted in the superior court in Plymouth, moved in arrest of judgment because the complaint alleged that the sales were made in violation of an act entitled " an act concerning the manufacture and sale of spritous and intoxicating liquors ; " and *Russell,* J. reported the case for the decision of this court.

*P. Simmons,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. As both counts in this complaint conclude " against the form of the statute in such case made and provided," and not against the form of " the statute aforesaid," we incline to the opinion that the previous setting forth of the title of *St.* 1855, *c.* 215, if correct, might be rejected as surplusage, and judgment be well entered on the verdict. See 2 Salk. (Evans's ed.) 609, note ; 1 Chit. Crim. Law, 279. We do not, however, decide the case on that ground. For we are of opinion that if the rule of law, that a variance between the recited and the true title of a statute is fatal to an indictment or complaint, (1 Stark. Crim. Pl. (2d ed.) 215, 216 ; 1 Gabbett Crim.

Law, 47, 48,) must be applied to the present case, yet that there is here no such variance. The only difference between the recited and the true title of *St.* 1855, *c.* 215, is in the spelling of a single word. The complaint recites, "an act concerning the manufacture and sale of *spiritous* and intoxicating liquors." The true title is, "an act concerning the manufacture and sale of *spirituous* and intoxicating liquors." In Worcester's Dictionary, it is said that "spiritous" and "spirituous" have the same meaning. In Webster's, it is said that "spirituous" might as well be written "spiritous." And so it is written throughout our revised statutes. The variance, therefore, on which the defendant relies, is immaterial. It does not alter the sense. See *People* v. *Walbridge,* 6 Cow. 572.

The judge who reported this case supposed that the word "spritous" was in the recited title of the statute. In this he was misinformed. *Judgment on the verdict.*